UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACKIE BERGER, JR.,

    Plaintiff,

v.                                  Case No. 3:24cv350-LC-HTC

LIEUTENANT D. SMITH, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Jackie Berger Jr., a prisoner proceeding *pro se* and *in forma pauperis*, files this action under 42 U.S.C. § 1983 against several correctional employees. Doc. 1. Upon review, the undersigned finds this action should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for abuse of the judicial process for Plaintiff's failure to truthfully disclose his litigation history.

## I. STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

## II.     FAILURE TO DISCLOSE

Section VIII of the complaint form asks Plaintiff to identify his prior litigation history, including any previously filed federal lawsuits relating to the conditions of his confinement. *See* Doc. 1 at 18 (subsection VIII.C). The complaint form expressly warned Plaintiff that his "[f]ailure to disclose all prior cases may result in the dismissal of this case." *Id.* at 19 (emphasis omitted). Plaintiff, however, did not disclose at least one case, which he filed in this Court, and which clearly pertains to the conditions of his confinement: *Berger v. Obrien, et al.*, No. 3:22-cv-24243-MCR-ZCB (N.D. Fla. Sept. 1, 2023) (asserting excessive force, failure to intervene, and deliberate indifference claims related to a forced extraction). Despite this misrepresentation, Plaintiff signed the complaint "under penalty of perjury that the foregoing . . . is true and correct." Doc.1 at 19–20.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Thus, the Court should not allow Plaintiff's misrepresentation to go unpunished.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious'

under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Because Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, § 1915(e)(2)(B)(i), this case must be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for abuse of the judicial process due to Plaintiff's failure to accurately disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 15th day of August, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.